*Southern District*

## No. 100

## GARY ANDREW SAVIGANO

### v.

## GATEWAY SERVICE CENTER, INC. DBA GATEWAY KAWASAKI

Argued: January 28, 1975. Decided: July 2, 1975.

Case tried to *Hurd, J.* In the District Court of Northern Norfolk. Number: 01673.

Present: Murphy, P.J., Lee, Tamkin, J.J.

Counsel for the Defendant: Cohen, Gaffin & Greb.

**Lee, J.** This is an action of contract and tort in which the plaintiff seeks to recover the value of a 1973 Kawasaki motorcycle entrusted by the plaintiff to the defendant for repairs and which was not returned to the defendant. The answer is a general denial; payment; contributory negligence of the plaintiff; lack of negligence on the part of the defendant, its agents, servants and employees, and that the damages sustained by the plaintiff were caused by a third party for whom the defendant was not liable or responsible.

The court found for the plaintiff in the sum of $1,395.00.

*At the trial there was evidence tending to show that* at the beginning of August 1973, the plaintiff delivered his 1973 Kawasaki motorcycle to the defendant for routine service and maintenance; that pproximately five days later the plaintiff was notified that the motorcycle had been stolen from the defendant's premises and approximately one week thereafter he was notified that the motorcycle was in the possession of the Chelmsford Police. The motorcycle was subsequently picked up by the defendant with the plaintiff's permission and was to be repaired; that on or about August 22, 1973 the motorcycle was again stolen

from the defendant's premises. Each of the aforementioned breaks were by forcible entry into the defendant's locked building. The plaintiff's vehicle was in the locked building with the keys in the vehicle, and the method of operation ("M.O.") for the second break was the same as in the first break. By agreement of counsel for the plaintiff and defendant, and in connection with the two breaks as aforesaid, the reports of the Framingham Police Department were admitted into evidence. The plaintiff learned of the break subsequent to August 22, 1973 and thereafter in March of 1974 was advised that his motorcyle was in the possession of the Framingham Police Department. The plaintiff stated that he did not go to the Framingham Police Station to examine the motorcycle nor did he contact the defendant, on advice of his attorney. The motorcycle was never returned to the plaintiff by the defendant and is still at the Framingham Police Station. The plaintiff testified that the fair value of the motorcycle at the time he delivered it to the defendant was $1,495.00.

At the close of the plaintiff's case the defendant rested.

At the close of the evidence and before final arguments, the defendant made the following requests for rulings:

1. The evidence introduced by the defendant is sufficient to warrant a finding that the defendant is not negligent.

2. The bailment in question is a bailment for the benefit of both the plaintiff and the defendant.

3. The standard of care required of the mutual benefit bailee is a standard of a duty to exercise ordinary care.

4. The evidence introduced by the defendant warrants a finding that the defendant exercised ordinary care.

5. Keeping motorcycles to be repaired locked inside the defendant's premises constitutes ordinary care.

6. The defendant exrcised such care as a prudent man would exercise in the conduct of his own affairs.

7. The evidence introduced by the defendant warrant a finding for the defendant.

8. The evidence introduced by the plaintiff is insufficient to warrant a finding for the plaintiff.

The court allowed the defendants requests for rulings ##2 and 3, and denied Rulings ##1, 4, 5, 6, 7, and 8.

The court made the following findings of fact and rulings of law:

"The facts are uncontroverted.

On August 4, 1973 the plaintiff was the owner of a 1973 Kawasaki 750 cc gold model H2, which he purchased new in March of 1973.

On Wednesday, August 1, 1973, the plaintiff took the motorcycle in question to the defendant's place of business for its 3,500 mile check-up.

The defendant is an authorized Kawasaki dealer and repair and maintenance operator in Framingham.

On Friday, August 3, 1973, plaintiff inquired of defendant as to the status of his motorcycle and was advised that it was not quite ready.

On Saturday, August 4, 1973, plaintiff was notified by the Chelmsford Police Department that his motorcycle had been stolen and could be claimed by him at the police station. Plaintiff went to Chelmsford and found the motorcycle in poor condition. As a result, defendant went to Chelmsford and brought the motorcycle back to Framingham to make further repairs made necessary by the theft.

On Wednesday, August 22, 1973, while the motorcycle was still at the defendant's repair shop, the plaintiff was notified that the motorcycle was again stolen and this time it was not recovered until March 1974, a total loss.

I find the fair market value of the plaintiff's motorcycle on August 22, 1973 to have been $1,395.00."

The issue is whether or not there was sufficient evidence introduced at the trial to support a finding for the plaintiff by the trial justice.

■■ This is a bailment case and is governed by the principles set forth in *Knowles v. Gilchrist Company*, 1972 A.S. 1783, in which held that a bailor can establish an inference or presumption of negligence merely by showing a bailment and failure to deliver by the bailee. Once the bailor makes this showing, the burden of proof shifts to the bailee to go forward with evidence to rebut this presumption. This ruling reversed the long standing law in the Commonwealth requiring the bailor to show negligence by the bailee in order to recover damages. *Knowles v. Gilchrist*, 1972 A.S. 1783, 1789.

In the instant case the bailor showed delivery of his motorcycle on two different occasions to the defendant and both times, while it was in the custody of the defendant (bailee), it was stolen. The only other evidence was the introduction of two police reports relative to the break and theft of the motorcycle from the defendant's place of business. The defendant rested after the plaintiff finished his case.

The trial justice in his finding states that the facts were uncontroverted and on the basis of the above reported evidence made a finding for the plaintiff.

■ We find there was no prejudicial error. The lack of negligence on the part of the bailee was an affirmative defense to be proven by the defendant

after the plaintiff had established a bailment. *Knowles v. Gilchrist,* 1972 A.S. 1783, 1789.

The plaintiff had established a bailment by showing delivery of his motorcycle to the defendant for maintenance and service. There was a subsequent theft of the motorcycle from the defendant's premises as evidenced by the admission of the police reports. This delivery of the motorcycle to the defendant for said purposes and the loss of same by theft created an inference or presumption of negligence of the defendant and made it necessary for it to rebut this inference or presumption of negligence by an affirmative defense. It failed to do so and this was fatal to its case.

While it might have been better had the trial justice in his decision made specific findings with respect to any negligence of the defendant, we are able to ascertain from his report of the evidence and his finding of facts that there was negligence upon the part of the defendant and this supports his finding for the plaintiff.

The general and special findings of the justice in an action of law are to stand if warranted in law upon any possible view of the evidence. *Moss v. Old Colony Trust Co.,* 246 Mass. 139, 143.

The defendant also argues that there was no proof of demand for redelivery by the plaintiff and that this is an essential element of the plaintiff's case in order for him to prevail.

We would say in the ordinary bailment case proof of demand is necessary for the plaintiff's case, but the law does not require a useless act as in this case where the property was known by both the parties to have been stolen. *Alden v. Pearson,* 69 Mass. 342, 346.

There being no prejudicial error, the report is to be dismissed. **So ordered.**